# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYTEE PRODUCTS, INC., <br><br> Plaintiff, <br> vs. <br><br> STUDEBAKER ENTERPRISES, INC.; <br> SKAGIT NORTHWEST HOLDINGS, INC.; <br> DRI-EAZ PRODUCTS, INC. <br> Defendants. | CASE NO. 11-cv-02519 BEN (DHB) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> [Docket No. 5] |

Presently before the Court is Defendants Studebaker Enterprises, Inc. ("Studebaker"), Skagit Northwest Holdings, Inc. ("Skagit"), and Dri-Eaz Products, Inc. ("Dri-Eaz") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 5.) Being fully briefed, the Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Defendants Studebaker and Dri-Eaz were assigned ownership rights in U.S. Patent Nos. 7,007,403 ('403 patent) and 7,971,369 ('369 patent), both entitled "Shrouded Floor Drying Fan," issued on March 7, 2006 and July 5, 2011 respectively. (Decl. of Benjamin R. Seecof Objecting to Evidence Submitted in Reply by Defs. on Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Ex. H.) ("Seecof Evidence Objection"). Skagit is in the business of manufacturing room drying fans such as the Airpath Directed Flow Carpet Drier, believed to be covered by the '403 and '369 patents.

Plaintiff Mytee Products, Inc. ("Mytee") manufactures, sells, and intends to continue manufacturing and selling a fan with the name Tradewind. On September 16, 2011, counsel for Defendants Studebaker and Skagit sent a letter to Mytee indicating that the Tradewind fan literally infringes the '403 and '369 patents. The letter also indicated that defendants intended to enforce the patents.

On October 31, 2011, Mytee initiated the present action, seeking a declaration of non-infringement and invalidity concerning the '403 and '369 patents. (Docket No. 1.) Dri-Eaz and Studebaker executed a covenant not to sue Mytee for any claim of patent infringement under the '403 and '369 patents, "as these patents currently read, with respect to any product currently advertised, manufactured, marketed or sold by Mytee, or any product which was advertised, manufactured, marketed or sold by Mytee" prior to November 18, 2011. (Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Decl. of Nathaniel E. Durrance Ex. B) ("Covenant"). On January 10, 2012, Defendants Studebaker, Skagit, and Dri-Eaz filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 5.)

**DISCUSSION**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *3M Co. v. Avery Dennison Corp.,* 673 F.3d 1372, 1376 (Fed. Cir. 2012); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, 800 F. Supp. 2d 1116, 1119-20 (E.D. Cal. 2011). "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co.,* 673 F.3d at 1377 (citing *MedImmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378 (Fed.Cir. 2005), overruled on other grounds, *MedImmune, Inc. v. Genetech*, 549 U.S. 118, 130-131 (2007)). "A party seeking to base jurisdiction on the Declaratory Judgement Act bears the burden of proving that the facts alleged 'under all circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1343 (Fed. Cir. 2007) (citing *MedImmune, Inc. v. Genetech, Inc.,* 549 U.S. at 126-27). Thus the party claiming subject

matter jurisdiction bears the burden "to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* at 1344.

The Federal Circuit, however, has held that "a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1346 (Fed. Cir. 2010) (emphasis added); *see also Benitec,* 495 F.3d at 1345-46. On November 18, 2011, Dri-Eaz and Studebaker executed a covenant-not-to-sue Mytee Products that reads:

> THIS COVENANT NOT TO SUE is made as of November 18, 2011 by Studebaker Enterprises, Inc. and Dri-Eaz Products, Inc.
>
> Studebaker Enterprises, Inc. and Dri-Eaz Products, Inc. covenant not to assert any claim of patent infringement against Mytee Products, Inc. under U.S. Patent No. 7,007,403 and U.S. Patent No. 7,971,369, as these patents presently read, with respect to any product currently advertised, manufactured, marketed or sold by Mytee, or any product which was advertised, manufactured, marketed or sold by Mytee prior to the date of this covenant.

The covenant was signed by Roy Studebaker, President of Studebaker Enterprises, Inc. and Bill Bruders, CEO of Dri-Eaz Products, Inc. (Covenant). Mytee argues that the Covenant is insufficient because: (1) the covenant was only signed by two of the three defendants; and (2) the covenant does not protect against future infringement. Neither objection is sufficient.

The Covenant was signed by the President of Studebaker and the CEO of Dri-Eaz. Mytee argues that this covenant is insufficient because Skagit did not sign it. The inventor assigned ownership rights to Studebaker and Dri-Eaz in a written document (Decl. of Kevin Zeck Ex. B.) that was recorded with the Patent and Trademark Office ("PTO"). (Seecof Evidence Objection.) The recording of an assignment with the PTO creates a presumption of validity and places the burden to rebut such a showing on one challenging the assignment. *SiRF Tech., Inc. v. Int'l Trade Comm'n,* 601 F.3d 1319, 1328 (Fed. Cir. 2010) (applying 37 C.F.R. § 3.54*).* Mytee has not submitted any specific evidence that rebuts the presumption of validity for the recorded patent assignment. Since the inventor assigned the patents, Studebaker and Dri-Eaz are the past and present owners of the '403 and '369 patents. Because Skagit does not own the '403 and '369 patents, Skagit cannot assert them. *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.* 620 F.3d 1305, 1317-18 (Fed. Cir. 2010)

(holding that parent company lacked standing to sue because subsidiary owned patents-in-suit). Therefore, Skagit was not required to sign the Covenant and no actual controversy exists between it and Plaintiff.

Mytee also argues that the Covenant is insufficient because it does not release Mytee from future claims of patent infringement. The language in the Covenant is analogous to the language in *Amana Refrigeration, Inc. v. Quadlux*, *Inc.,* 172 F.3d 852, 855 (Fed. Cir. 1999). In fact, it is identical to the language discussed in *Amana*. In *Amana*, the Federal Circuit held that the language of the covenant removed any likelihood that the alleged infringer would face suit for past or current products and thereby removed any actual controversy between the parties. *Id.* at 855. Further, the Federal Circuit held that "an actual controversy cannot be based on a fear of litigation over future products" and that the covenant "resolves the controversy." *Id.* at 855-56 (citing *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1060 (Fed. Cir. 1995)).[1] The Covenant in this case has removed any continuing case or controversy between these parties.

In arguing that the Covenant in this case does not release Mytee from future claims of infringement, Mytee relies on *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d 1294 (Fed. Cir. 2009). "Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Id.* at 1297. The language in the *Revolution* covenant only applied to products that had been sold prior to the dismissal of the action. It did not protect the alleged infringer from those products once the case was dismissed. By not offering a covenant covering *current* products, the Federal Circuit held that a controversy between the parties still existed. *Id.* at 1300. In contrast, the present Covenant applies to "any product currently advertised, manufactured, marketed or sold by Mytee." Like the distinguishing cases listed in *Revolution,* the present Covenant will protect Mytee from actions for infringement into the future. *Id.* at 1299-1300.

Other facts in *Revolution Eyewear* are also distinguishable from the present action. The patent owner in *Revolution Eyewear* specifically indicated that it would breach the covenant-not-to-sue

---

[1] While not expressly overruled, the Court notes that the "reasonable apprehension of imminent suit" test under *Amana* has been disapproved in subsequent case law. *See Benitec,* 495 F.3d at 1346 (where the Federal Circuit relied on the framework of *MedImmune* in the analysis of whether jurisdiction existed and indicated that the holding in *Amana* was not dependent on the "reasonable apprehension of imminent suit" requirement).

should the alleged infringer once again market the infringing products. *Id.* at 1297. Here, the Defendants have given no such indication and have repeatedly attempted to settle the controversy. In fact, the Defendants specifically stated that they "intend to put any alleged controversy to rest." (Defs.' Reply at 3 ¶ 22.); *see also Dow Jones & Co.,* 606 F.3d at 1347.

Because the Covenant has resolved any actual case or controversy between the parties, and Plaintiff has not alleged sufficient facts showing that the Covenant was not signed by the proper parties, this Court lacks subject matter jurisdiction. Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants Studebaker, Skagit, and Dri-Eaz's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED.**

DATED: September 25, 2012

_____
Hon. Roger T. Benitez
United States District Judge